# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Bertha Styles<br><br>    Plaintiff,<br><br>v.<br><br>NRA Group, LLC dba National Recovery Agency<br><br>    Defendant. | Case No. 6:14cv1484<br><br>**AMENDED COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Bertha Styles, ("Bertha"), is a natural person who resided in Pine Hills, Florida, at all times relevant to this action.

2. Defendant, NRA Group, LLC dba National Recovery Agency, ("NRA"), is a Pennsylvania Limited Liability Company that maintained its principal place of business in Harrisburg, Pennsylvania, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331 this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. §227.

4. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper because substantial part of the events that gave rise to this claim occurred in this District.

# COUNT ONE – VIOLATION OF THE
# TELEPHONE CONSUMER PROTECTION ACT

5. NRA uses a predictive dialer system or other type of automatic telephone dialing system (ATDS).

6. NRA admits on its website that it reaches, "more than 600,000 calls per day." See http://www.nragroup.com/strategies.html

7. This type of volume is indicative of use of an ATDS.

8. NRA also touts "Dialer management expertise" on its website. See http://www.nragroup.com/collections.html

9. A dialer is a term used in an association with use of an ATDS.

10. Other consumers have alleged that NRA called them using an ATDS. See e.g. *Krystal Bailey v. NRA Group LLC*, 3:13-cv-00429 (D. Conn 2013).

11. In February of 2014, NRA started calling Bertha on her cell phone using an ATDS.

12. Bertha told NRA to stop calling her at that time.

13. Thus Bertha revoked any possible consent that NRA may have had to call her.

14. But NRA continued to call at least ten more times.

15. The last known call that NRA placed to Ms. Styles was on the 30th of April, 2014.

16. NRA violated the TCPA by calling Styles using an ATDS after she told NRA to stop calling her and she revoked her consent to be called by NRA. See *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. NRA Group is a debt collector who regularly collects consumer debts that are incurred for personal, household and family purposes.

18. NRA sought to collect a consumer debt from Bertha.

19. Debt collectors engage in unfair collection practices when they call people on cell phones after a verbal indication of dispute, inability to pay or a verbal request to stop calling.

20. Public policy as embodied in the Telephone Consumer Protection Act recognizes that consumers have telephonic privacy rights to be free from certain calls to cell phones.

21. The word "location" is defined in 15 U.S.C. §1692(a)(7), as a consumer's place of abode and his telephone number at such place, -- which would be a residential line -- or his place of employment. See 15 U.S.C. 1692a(7).

22. This definition implies that the usual places for debt collectors to call is to a home residential line or a work phone if proper.

23. A cellular phone, by its very nature, is an unusual place because it is often carried on one's person and is thus a place of privacy.

24. The U.S. Supreme Court has recognized privacy rights that attach to cell phones.

25. The U.S. Supreme Court has recently recognized the private, unique and special nature of a person's cell phone. See *Riley v. California*, 134 S. Ct. 2473 (U.S. 2014).

26. Case law demonstrates that collection calls that occur after some verbal protestations violate the FDCPA. See *Brandt v. I.C. System, Inc.*, 2010 U.S. Dist. LEXIS 14588 (M.D. Fla. Feb. 19, 2010); *Stuart v. AR Resources, Inc.*, 2011 U.S. Dist. LEXIS 27025 (E.D. Penn. Mar. 16, 2011); *Shand-Pistilli v. Professional Account Servs, Inc.*, 2010 U.S. Dist LEXIS 75056 (E.D. Penn July 26, 2010); *Prewitt v. Wolpoff & Abramson, LLP*, 2007 WL 841778 at *3 (W.D. N.Y. 3/19/07) and *Little v. Portfolio Recovery Associates, LLC*, 2014 U.S. Dist. LEXIS 49658 (D. Kan. Apr. 10, 2014)

27. Phone calls from debt collectors occurring after a verbal dispute, verbal indication of inability or refusal to pay or a request to stop calling are oppressive because the consumer may not be aware of his or his ability to stop the calls.

28. Phone calls after a request to stop calling do not conform to contact center ethical guidelines.

29. "The debt collector's act in collecting a debt may also be 'unfair' if it causes injury to the consumer that is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition, and (3) not reasonably avoidable by the consumer." FTC Commentary," 53 Fed. Reg. 50,097, 50,106 (Fed. Trade Comm'n Dec. 13, 1988).

30. Unwanted phone calls from debt collectors occurring after a verbal dispute, verbal indication of inability or refusal to pay or a request to stop calling cause consumers on cell phones cause consumers to suffer substantial frustration and consequent actual damages, the practice is not outweighed by countervailing benefits to consumers because debt collectors can send demands or settlement offers by regular mail or electronic mail and phone calls to consumers are not reasonably avoidable by consumers.

31. When phone calls to debtors' cell phones are made after a verbal dispute, verbal indication of inability or refusal to pay or a request to stop calling, the impact is more substantially harmful and not reasonably avoidable by consumers because the calls can occur anywhere and at anytime to one's person rather than the home or work place.

32. Defendant violated 15 U.S.C. §1692f by engaging in this unfair collection practice by calling Bertha on her cell phone after she indicated she wanted calls to stop.

33. Defendant in the process also violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA, Of Counsel


By:＿＿/s/ John Murrary
One of Plaintiff's Attorneys

2655 Lejeune Road PH1-D
Coral Gables, FL 33134
Tel: (305) 779-4818
jmurray640@gmail.com